UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVGENII MALENKO,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE (USCIS), et. al.,<br><br>   Defendants. | No. 2:24-cv-03098-DJC-CKD PS<br><br>ORDER |

Plaintiff Evgenii Malenko ("Plaintiff") initiated this action with the filing of a complaint for writ of mandamus against Defendants the United States Citizenship and Immigration Service (USCIS); Danielle Lehman, USCIS San Francisco Asylum Office Director; Ur Jaddou, Director of USCIS; Alejandro Nicholas Mayorkas, U.S. Secretary of Homeland Security[1]; and Merrick Garland, Attorney General of the United States[2] ("Defendants"). (ECF No.1.) Plaintiff did not pay the filing fee but instead filed an application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF No. 2.)  This matter was referred to the undersigned by Local Rule 302(c)(3) pursuant to 28 U.S.C. § 636(b).  For the following reasons the Court will grant

---

[1] Mr. Mayorkas is no longer the Secretary of Homeland Security; the Court will therefore substitute Kristi Noem, the current Secretary. See Fed. R. Civ. P. 43(c)(2).

[2] Mr. Garland is no longer the Attorney General; the Court will therefore substitute Pam Bondi, the Attorney General. See Fed. R. Civ. P. 43(c)(2).

1

Plaintiff's application to proceed in forma pauperis and permit this action to proceed on the claims asserted in Plaintiff's complaint.

**Plaintiff's Allegations**

On or about May 22, 2018, Plaintiff filed an I-589[3] petition and received a Form I-797 Notice of Action issued on May 25, 2018. (ECF No. 1 at 4.) Plaintiff attended a scheduled biometric appointment on June 15, 2018. (Id.)  Since then, there has been no action on his application; his application has been pending for over six years. (Id.) Plaintiff has submitted numerous inquiries regarding his application but has not received a response. (Id.) Plaintiff currently has an Employment Authorization Document card, but it is in danger of expiring. (Id.)

**Proceeding In Forma Pauperis**

The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person…possesses (and) that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, the Court has reviewed Plaintiff's application and financial status affidavit (ECF No. 2) and finds the requirements of 28 U.S.C. § 1915(a) are satisfied.

**Discussion**

A writ of mandamus is proper for the purpose of "compel[ling] an officer or employee of the United States or any agency thereof to perform a duty" owed to the plaintiff. 28 U.S.C. § 1361.  "The extraordinary remedy of mandamus…will issue only to compel the performance of a 'clear nondiscretionary duty.'" Pittston Coal Grp v. Sebben, 488 U.S. 105, 121 (1988) (quoting Heckler v. Ringer, 466 U.S. 602 (1984)).  Plaintiff must show that (1) his "claim is clear and certain; (2) the official's duty is non-discretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." Lucatero v. United States INS, 69 Fed. Appx. 836, 838 (9th Cir. 2003); Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997).

Based on Plaintiff's allegations, the Court preliminarily assesses that Plaintiff's complaint states a cognizable claim.

---

[3] Form I-589 is an application for asylum and withholding of removal.

**Motion for Counsel**

Plaintiff also requests the court appoint to counsel. (ECF Nos. 6, 9.) It is "well-established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996). However, under "exceptional circumstances," a court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). When determining whether "exceptional circumstances" exist, a court considers both "the likelihood of success on the merits as well as the ability of the petitioner to articulate [the] claims pro se in light of the complexity of the legal issues involved." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

The court has extremely limited resources to appoint attorneys in civil cases. Having considered the factors under Palmer, the court finds plaintiff does not meet the burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

**Conclusion**

Based on the foregoing, it is hereby ORDERED:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff's motion for the appointment of counsel (ECF No. 3) is DENIED.
3. The Clerk of Court is directed to substitute Kristi Noem as the Secretary of Homeland Security in place of Alejandro Mayorkas.
4. The Clerk of Court is directed to substitute Pam Bondi as the Attorney General in place of Merrick Garland.
5. Service is appropriate for the following Defendants:
    a. United States Citizenship and Immigration Service (USCIS)
    b. Danielle Lehman
    c. Pam Bondi
    d. Kristi Noem
    e. Ur Jaddou

4   The Clerk of Court shall SEND Plaintiff five (5) USM-285 forms, five (5) summonses, a Notice of Submission of Documents form, an instruction sheet, and a copy of the complaint filed on November 8, 2024 (ECF No. 1);

5   Within **thirty (30) days** from the date of service of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

   a. Five completed USM-285 forms;

   b. Five completed summonses for the above Defendants;

   c. Six (6) copies of the endorsed Complaint.

Plaintiff need not attempt service on the Defendants and need not request a waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshals Service to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs; and

6.   Failure to comply with this order may result in the dismissal of this action.

Dated: March 11, 2025

_(signature)_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Malenko3098.mand